UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA
06-CV-1960(JMR/FLN)

| | |
|---|---|
| Claudia Roberts ) | |
| ) | |
| v. ) | ORDER |
| ) | |
| Canadian Pacific Railway Ltd. ) | |
| et al. ) | |

Plaintiff seeks leave to conduct limited discovery concerning spoliation of evidence on an expedited basis. The motion is granted.

I. Background[1]

This is one of more than one hundred cases which have been removed to this Court after having been lodged in state court. The cases all concern a train derailment accident which occurred near Minot, North Dakota.

During the state court proceedings, plaintiffs discovered an email message sent by Charles Duffy, a Soo Line manager, to Greg Simmons, the railroad's top claims agent. Mr. Duffy's message began by stating, "In the tradition of keeping very few Minot-related e-mails . . . ." (Ex. A.) Mr. Duffy was asked about this message during his state court deposition, at which time he admitted destroying e-mails regarding the Minot derailment, purportedly based upon the direction of a higher-up in the organization. (Ex. B).

---

[1] The "facts" in this Opinion are based solely upon the parties' pleadings. The Court accepts them as true, for the purposes of this Opinion. They are not, however, to be considered factual determinations binding on either the Court or the parties for purposes beyond this Opinion.

1

Subsequent to Mr. Duffy's deposition, defendants apparently hired a computer forensics expert to investigate whether electronic data was destroyed, and if so, whether any deleted material can be retrieved. Plaintiff asks this Court for permission to discover the results of this investigation and seeks to depose the computer forensics expert as soon as possible.

II. Discussion

A party may conduct discovery prior to the initial discovery conference only upon leave of Court. See Fed. R. Civ. P. 25(d), (f). The Court recognizes its inherent power, authority, and duty to ensure the administration of justice and the integrity of the litigation process. Nick v. Morgan's Foods, Inc., 270 F.3d 590, 594 (8th Cir. 2001). "These powers are 'governed not by rule or statute, but by the control necessarily vested in courts to manage their own affairs so as to achieve the orderly and expeditious disposition of cases.'" Chambers v. NASCO, Inc., 501 U.S. 32, 43 (1991) (quoting Link v. Wabash R. Co., 370 U.S. 626, 630-31 (1962)).

The Court has a particular duty to prevent discovery abuse. Peterson v. Ind. Sch. Dist. No. 811, 1997 WL 729089 *1 (D. Minn.). Any possible destruction of evidence is a serious transgression of discovery procedures, going, as it does, to the core of the Court's truth-finding mission. See Dillon v. Nissan Motor Co., Ltd., 986 F.2d 263, 269 (8th Cir. 1993). "Purposeful impairment of the opposing party's ability to discover information" justifies invocation of the Court's inherent power and duty to insure the integrity of the

judicial proceeding.  Capellupo v. FMC Corp., 126 F.R.D. 545, 551 (D. Minn. 1989).

In the face of plaintiff's claims of possible document destruction, defendants maintain their objection to plaintiff's request.  They ask this Court to either deny this motion, or defer consideration until ruling on plaintiffs' challenge to its subject matter jurisdiction over the lawsuits' substance. According to defendants, questions surrounding the Court's subject matter jurisdiction preclude any consideration of possible spoliation.

The Court declines this invitation to stay its hand.  The Court well knows that once it determines a lack of jurisdiction, "the only function remaining . . . is that of announcing the fact and dismissing the cause." Steel Co. v. Citizens for a Better Env't, 523 U.S. 83, 94 (1998).  This fact does not, however, end the inquiry. The Court, at this time, expresses no opinion on the question of whether it possesses subject matter jurisdiction over the claims, but the Court invokes its inherent authority to determine whether its processes have been suborned – an authority which exists irrespective of whether the Court can ultimately decide the substantive dispute.

Defendants add yet another objection: as defendants claim plaintiffs' suit is preempted by federal law, any spoliated evidence would be irrelevant.  According to defendants, the case would be dismissed on the pleadings and the recovery of any "missing" evidence would be futile.  This is a kind of "no harm, no foul" argument.  And it fails.

3

Defendants ultimately are making a kind of "impossibility" argument. They posit that, even if one or more of their employees or agents attempted to spoliate or suborn the Court's processes, it does not matter, because it causes no actual harm to plaintiffs. Since, according to defendants, the Court should dispose of plaintiffs' claims on purely legal grounds, any effort to destroy evidence was in vain, because such evidence would not be prejudicial to plaintiffs' case. This is kind of like a group of brigands deciding to rob a bank, only to discover that the bank failed and closed its doors the day before the robbers' arrival. Just as the conspiracy to rob the bank is, itself, a crime, regardless of the impossibility of the bank robbery's success, so too, is an attempt to suborn the fact-finding process an affront to the Court, even if there will ultimately be no fact-finding. Defendants argument fails because, regardless of the status of the substantive case, the Court maintains its supervisory authority and obligation to maintain the integrity of judicial proceedings.

In fine, the Court must insure that any "tradition" of destroying derailment-related documents be discovered and brought to an end. Thus, plaintiff is permitted to conduct limited discovery by deposing the computer forensics expert retained by defendants.

III. Conclusion

Based on the foregoing, plaintiff's motion for leave to conduct discovery [Docket No. 9] is granted.

IT IS SO ORDERED.

Dated: January 11, 2007

s/ James M. Rosenbaum  
JAMES M. ROSENBAUM  
United States Chief District Judge